THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAMERON LEE SCHEMMER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CIV-20-538-R |
| | ) |
| DIRECTOR DOC SCOTT CROW, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Petitioner, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On September 29, 2020, Judge Erwin issued a Report and Recommendation wherein he recommended that the Petition be dismissed without prejudice. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted such review, the Court finds as follows.

The original petition in this case included a single claim under the section entitled "Ground One." (Doc. No. 6, p. 5). Petitioner completed the blank by stating "Court of Criminal Appeals" and thereafter described the "Supporting Facts," "No evidence, did not let any of his witnesses come forward & testify. My lawyer just said I had to talk to the judge. I did not understand what they meant." *Id.* Judge Erwin concluded that the single

claim could be interpreted in either of two ways, neither of which supported habeas relief. In his objection, Petitioner attempts to expand on the allegations set forth in the "Supporting Facts" section of the Petition, asserting that he was denied the effective assistance of counsel in violation of *Strickland v. Washington*, 466 U.S. 668 (1984).[1] He describes the testimony that he believes certain witnesses would have offered had they been called by his attorney to testify.[2]

In order to permit Petitioner to proceed with the claim raised by the Objection, it would be necessary to allow him to amend his threadbare petition. The Court finds, however, that amendment would be futile, because Petitioner did not present an ineffective assistance of counsel claim to the Oklahoma Court of Criminal Appeals when he pursued his direct appeal. The Court takes judicial notice of the records from Petitioner's conviction and direct appeal; it does not appear that he has pursued post-conviction relief. On direct appeal, Petitioner pursued two issues, whether he had knowingly and voluntarily waived a jury trial and whether his sentence was excessive. *State v. Schemmer*, F-2018-1023 (Oklahoma Court of Criminal Appeals January. 23, 2020). Because Petitioner did not argue

---

[1] In his request for relief Mr. Schemmer stated, "I think I was convicted wrongfully it was all heresay (sic)." (Doc. No. 6, p. 14).

[2] It is apparent from a portion of the objection that Petitioner misapprehends the nature of habeas relief under § 2254. He argues the Court:
> must reverse and remand this case back to the Court of Criminal Appeals with instructions to conduct evidentiary proceedings to allow the material witnesses to address their testimony to the court, for the re-evaluation of guilt or innocence, and or adjustment of his sentence for lesser, or included offenses.

(Doc. No. 16). The Court does not sit as a super-appellate court. Rather, the Court considers whether the Oklahoma Court of Criminal Appeals, in assessing the merits of Petitioner's claims, made a decision that was contrary to or an unreasonable application of clearly established federal law, as determined by the United States Supreme Court, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in State court. 28 U.S.C. § 2254(d)(1)-(2).

that counsel was ineffective on direct appeal and because he did not pursue post-conviction relief in state court, any amended petition would be subject to dismissal for failure to exhaust. *See Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009)(affirming district court's *sua sponte* dismissal of habeas action for failure to exhaust). Allowing Petitioner to continue in this Court with unexhausted claims would eat away at Petitioner's time to seek post-conviction relief in state court before returning to this Court. *See* 28 U.S.C. § 2244(d)(1)(one year statute of limitations period), § 2254(b)(1)(A)(requiring exhaustion of available state court remedies), § 2244(d)(2) (tolling of the statute of limitations period for the time during which a properly filed application for post-conviction relief is pending in state court).

For the reasons set forth herein, the Report and Recommendation is ADOPTED IN ITS ENTIRETY and the Petition is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED** this 14th day of October 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE